James C. Worthen, # 6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com

T. Thomas Singer, #5-1678
Hall & Evans, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Telephone: (406)969-5227
Facsimile: (406)969-5233
singert@hallevans.com

Jaclyn S. Laferriere, (*Pro Hac Vice forthcoming*)
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303)628-3300
Facsimile: (303)628-3368
laferrierej@hallevans.com
*Attorneys for Interpleader-Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, an Illinois Corporation, | ) ) ) ) | |
| Interpleader-Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| SKY AVIATION CORPORATION, a Wyoming Corporation; ROY KENT, an individual; ROB CRAGO, an individual; ROYAL STUKEY, an individual; LEON MILLER, an individual; JUANITA SAPP, an individual; BRIAN MURRAY, an individual; DAVE NORTHROP, an individual d/b/a NORTHROP FARMS; LYLE EVELO, an individual; RICK RODRIQUEZ, an individual; DELFINO JUAREZ, an individual; CODY EASUM, an individual; MATT SAPP, an individual; PAT SAPP, an individual; FRAN DUNCAN, an individual; TERRY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

DUNCAN, an individual; JOHN/JANE          )
DOES 1-10, and XYZ CORPORATIONS          )
1-10,                                                            )
                                                                      )
      Interpleader-Defendants.          )

---

### COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

---

COMES NOW Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("Interpleader-Plaintiff" or "Allianz"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 22 and 57, and 28 U.S.C. § 2201, and files this Complaint for Interpleader and Declaratory Judgment against Interpleader-Defendants and respectfully shows the Court as follows:

### PARTIES TO THIS COMPLAINT

1.      Interpleader-Plaintiff, Allianz Global Risks US Insurance Company ("Allianz"), is an insurance corporation organized under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

2.      Allianz is an insurance company licensed to do business in the State of Wyoming.

3.      Sky Aviation Corporation is a Wyoming corporation with its principal place of business in Worland, Wyoming.

4.      On information and belief, Interpleader-Defendant Roy Kent is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

5.      On information and belief, Interpleader-Defendant Roy Kent owns real property in Park County, State of Wyoming.

6.      On information and belief, Interpleader-Defendant Rob Crago is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

7.      On information and belief, Interpleader-Defendant Rob Crago owns real property in Park County, State of Wyoming.

8.      On information and belief, Interpleader-Defendant Royal Stukey is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

9.      On information and belief, Interpleader-Defendant Royal Stukey owns real property in Park County, State of Wyoming.

10.     On information and belief, Interpleader-Defendant Leon Miller is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

11.     On information and belief, Interpleader-Defendant Leon Miller leases real property owned by Juanita Sapp, in Park County, State of Wyoming.

12.     On information and belief, Interpleader-Defendant Juanita Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

13.     On information and belief, Interpleader-Defendant Juanita Sapp owns real property in Park County, State of Wyoming.

14.     On information and belief, Interpleader-Defendant Brian Murray is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

15.     On information and belief, Interpleader-Defendant Brian Murray owns real property in Park County, State of Wyoming.

16.     On information and belief, Interpleader-Defendant Dave Northrop is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

17.     On information and belief, Interpleader-Defendant Dave Northrop owns and operates Northrop Farms.

18.     On information and belief, Interpleader-Defendant Dave Northrop owns real property in Park County, State of Wyoming.

19.     On information and belief, Interpleader-Defendant Lyle Evelo is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

20.     On information and belief, Interpleader-Defendant Lyle Evelo owns real property in Park County, State of Wyoming.

21.     On information and belief, Interpleader-Defendant Rick Rodriquez is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

22.     On information and belief, Interpleader-Defendant Rick Rodriquez owns real property in Park County, State of Wyoming.

23.     On information and belief, Interpleader-Defendant Delfino Juarez is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

24.     On information and belief, Interpleader-Defendant Delfino Juarez owns real property in Park County, State of Wyoming.

25.     On information and belief, Interpleader-Defendant Cody Easum is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

26.     On information and belief, Interpleader-Defendant Cody Easum owns real property in Park County, State of Wyoming.

27.     On information and belief, Interpleader-Defendant Matt Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

28.     On information and belief, Interpleader-Defendant Matt Sapp owns real property in Park County, State of Wyoming.

29.     On information and belief, Interpleader-Defendant Pat Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

30.     On information and belief, Interpleader-Defendant Pat Sapp owns real property in Park County, State of Wyoming.

31.     On information and belief, Interpleader-Defendant Fran Duncan is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

32.     On information and belief, Interpleader-Defendant Fran Duncan owns real property in Park County, State of Wyoming.

33.     On information and belief, Interpleader-Defendant Terry Duncan is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

34.     On information and belief, Interpleader-Defendant Terry Duncan owns real property in Park County, State of Wyoming.

35.     On information and belief, Interpleader-Defendant John/Jane Does 1–10 are individuals and are residents of the State of Wyoming. Interpleader-Defendant John/Jane Does 1–10 are unknown Interpleader-Defendants who, upon information and belief, may have suffered damages as a result of the event described below.

36.     On information and belief, Interpleader-Defendant XYZ Corporations 1–10 are corporations and are residents of the State of Wyoming. Interpleader-Defendant XYZ Corporations 1–10 are unknown Interpleader-Defendants who, upon information and belief, may have suffered damages as a result of the event described below.

## JURISDICTION AND VENUE

37.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because every Interpleader-Defendant is diverse in citizenship from Interpleader-Plaintiff, and the amount in controversy exceeds $75,000.00.

38.     This Court has jurisdiction over this interpleader action pursuant to Federal Rule of Civil Procedure 22. An actual and substantial controversy exists between the parties. Allianz is subject to competing claims for the limits of liability under an Aircraft Insurance Policy issued to its insured, Sky Aviation Corporation.

39.     Venue is proper under 28 U.S.C. § 1391 because all of the defendants live in Wyoming and at least one defendant lives in Park County, Wyoming, which is located in this Court's judicial district. Furthermore, the events giving rise to this action occurred in Park County, Wyoming.

## THE INCIDENT

40.     Sky Aviation Corporation is a Wyoming corporation which provides, among other services, aerial application for agriculture.

41.     On or about May 28, 2019, through May 31, 2019, a pilot-operated spray switch on a helicopter used for aerial application on behalf of Sky Aviation Corporation failed while conducting aerial application operations near Powell, Wyoming.

42.      The failure caused the intermittent uncommanded activation of the spray pump and nozzles, resulting in drift damage to trees and agricultural crops on certain real property in Park County, Wyoming ("the incident").

## THE POLICY

43.     Allianz issued an Aircraft Insurance Policy to Named Insured Sky Aviation Corporation, policy number A2GA000355319AM ("the Policy"), attached as Exhibit A.

44.     The Policy had a policy period of May 2, 2019, to May 2, 2020, and was in effect at the time of incident.

45.     The Policy issued to Sky Aviation Corporation included an Amendatory Aerial Application Endorsement with an effective date of May 2, 2019, which states as follows in relevant part:

### AMENDATORY AERIAL APPLICATION ENDORSEMENT

\* \* \*

Regardless of anything to the contrary in Exclusion 9. d) of this policy, the Company will pay on behalf of the **Insured** all sums the **Insured** shall become legally obligated to pay as damages because of **bodily injury** or **prop-erty damage** resulting from the **aerial application** of **chemicals** applied by the **Named Insured**. The total limit of the Company's liability for coverage provided by this endorsement shall not exceed the limits stated below:

 **LIMITS OF INSURANCE** - The following limits apply only to the **Chemical** category:
 **CC**.

\* \* \*

| | | | |
|---|---|---|---|
| **COVERAGE D:** SINGLE LIMIT **BODILY** | $ 200,000 | Each **Occurrence** |
| **INJURY** AND **PROPERTY DAMAGE** | $ 200,000 | Aggregate |
| EXCLUDING **PASSENGERS** | | |

(Policy, AMENDATORY AERIAL APPLICATION ENDORSEMENT, Endorsement Number 5, AGCS-AV 8200 (07-06), Exhibit A, at p. 26.)

46.     The Endorsement provides the following definitions:

"**Aerial Application**" means the application of **chemicals** by **aircraft** including flights to and from the place the **Insured** will be applying **chemicals**.

"**Chemical(s)**" means any substance or mixture of substances intended to prevent, destroy, repel or mitigate any pest, or any substance or mixture of substances intended for use as a plant or tree regulator, defoliant or desiccant. The common name of a **chemical** includes preparations of the **chemical**, in any form, having a trade or proprietary name.

  "**Comprehensive Chemical (CC)**" means seeds, fertilizers, or any **chemical**.

  \* \* \*

(Policy, AMENDATORY AERIAL APPLICATION ENDORSEMENT, Endorsement

Number 5, AGCS-AV 8200 (07-06), Exhibit A, at p. 27.)

47.    The Insuring Agreements of the Policy states as follows in relevant part:

> **INSURING AGREEMENTS**
>
> The Company agrees:
>
> * * *
>
> **4) DEFENSE, SETTLEMENT AND SUPPLEMENT-ARY PAYMENTS**
>
> **Under Coverages A, B, C and D**
>
> The Company shall have the right and duty to de-fend any suit against the **Insured** seeking damages on account of **Bodily Injury** or **Property Damage**, even if any of the allegations of the suit are ground-less, false or fraudulent, and may make such inves-tigation and settlement of any claim or suit as it deems expedient, but the Company shall not be ob-ligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judg-ments or settlements.
>
> * * *

(Policy, INSURING AGREEMENTS, AGCS-AC 1400 (09-09), Exhibit A, at p. 10.)

48.    The subject of this interpleader action is the remaining proceeds under the

Amendatory Aerial Application Endorsement's $200,000.00 bodily injury and property damage

liability limit for each occurrence and in the aggregate.

49.    Due to a prior settlement of $601.04, the available bodily injury and property

damage liability coverage is $199,398.96.

## COUNT I – INTERPLEADER

50.    Paragraphs One (1) through Forty-Nine (49) are incorporated and realleged as

though fully set forth herein.

51.    Upon information and belief, Interpleader-Defendants resided on, owned, or

leased real property that was the subject of the incident.

52.     Upon information and belief, Interpleader-Defendants may assert various claims against Sky Aviation Corporation as a result of the incident, including claims for property damage and/or bodily injury.

53.     Upon information and belief, the Policy provides bodily injury and property damage coverage to Interpleader-Defendants as a result of the incident.

54.     Upon information and belief, Interpleader-Defendants have made or may make claims on the Policy as a result of the incident for their bodily injury and/or property damage.

55.     The claims made on the Policy against Sky Aviation Corporation as a result of the incident exceed the Amendatory Aerial Application Endorsement's bodily injury and property damage liability limit, which is $200,000 each occurrence and in the aggregate

56.     The claims made on the Policy may expose Allianz and/or Sky Aviation Corporation to multiple liability, including multiple claims on the same limited bodily injury and property damage coverage available under the Policy.

57.     The interests that Interpleader-Defendants claim are adverse and independent to the other Interpleader-Defendants because the claims asserted may exceed the policy limits.

58.     Allianz is unsure which Interpleader-Defendant is entitled to what portion of the funds.

59.     Allianz is a disinterested stakeholder with reasonable doubt as to the party or parties entitled to funds in its possession.

60.     Allianz in good faith interpleads the Defendants and is therefore entitled to recover its reasonable attorney fees and costs.

61.     Allianz timely files this complaint after receiving notice of multiple claims in order to full discharge its liability and to permit Interpleader-Defendants to establish their claim

or claims to the disputed funds. Allianz has not unreasonably delayed filing an action for interpleader.

62.    Allianz is now ready, willing, and able to pay the funds to the person or persons legally entitled to them. However, because Allianz cannot determine the merits or validity of the respective claims to the funds, Allianz is, therefore, exposed to multiple liability.

63.    Allianz is in possession of the property subject to this interpleader and agrees and intends to unconditionally tender the property into the Court's registry. Allianz requests leave to deposit the disputed property into the registry of the Court.

64.    Each of the Interpleader-Defendants should be required to demonstrate their claim against the Policy or be barred from making any claim against the Policy.

65.    Due to a prior settlement of $601.04, the available bodily injury and property damage liability coverage is $199,398.96.

66.    Allianz has no duty to pay any amount more than its $200,000 policy proceeds in this interpleader proceeding where the remaining policy amount of $199,398.96 has been interpleaded and deposited with the Court.

## COUNT II – DECLARATORY RELIEF

67.    Paragraphs One (1) through Sixty-Six (66) are incorporated and realleged as though fully set forth herein.

68.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, Allianz seeks a judicial determination concerning the scope and nature of its rights and obligations under its Policy issued to Sky Aviation Corporation, policy number A2GA000355319AM.

69.     Allianz is entitled to the Court's declaratory judgment that Allianz has discharged all of its indemnification obligations under the Policy and owes no further duty to indemnify Sky Aviation Corporation under the Policy for claims against it because of the incident.

70.     Allianz is entitled to a declaration that once its limit of liability insurance has been exhausted its duty to defend ends.

71.     Once Allianz deposits the remaining policy limits of $199,398.96 into the Court and is dismissed from the Interpleader, its duty to defend Sky Aviation Corporation ends, pursuant to the Policy.

## PRAYER FOR RELIEF

72.     For these reasons, Interpleader-Plaintiff Allianz requests that the Court do the following:

    a.   Declare the Interpleader appropriate;

    b.   Authorize Interpleader-Plaintiff to deposit the remaining proceeds of Policy Number A2GA000355319AM into the Court's registry;

    c.   Declare that by paying the policy limits into the Court's registry, Interpleader-Plaintiff's obligations under the Policy are satisfied and discharge Interpleader-Plaintiff from any further liability under said policy;

    d.   Dismiss Interpleader-Plaintiff from this litigation with prejudice;

    e.   Enjoin and restrain Interpleader-Defendants and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Allianz or Sky Aviation Corporation related to the Policy proceeds or the coverage under the Policy, including any interest or claims related thereto;

    f.   Award Interpleader-Plaintiff its costs and attorney fees associated with this action

        from the funds it seeks to interplead;

    g.   Award Interpleader-Plaintiff all other relief to which it is entitled.

Respectfully submitted this 17th day of May, 2022.

                        *s/ James C. Worthen*

                        James C. Worthen #6-3973
                        Hall & Evans, LLC
                        152 North Durbin Street, Suite 404
                        Casper, Wyoming 82601
                        Telephone: (307)333-6701
                        Facsimile: (307)333-6352
                        worthenj@hallevans.com

                        T. Thomas Singer, #5-1678
                        Hall & Evans, LLC
                        175 North 27th Street, Suite 1101
                        Billings, MT 59101
                        Telephone: (406)969-5227
                        Facsimile: (406)969-5233
                        singert@hallevans.com

                        Jaclyn S. Laferriere, (*Pro Hac Vice forthcoming*)
                        Hall & Evans, LLC
                        1001 17th Street, Suite 300
                        Denver, CO 80202
                        Telephone: (303)628-3300
                        Facsimile: (303)628-3368
                        laferrierej@hallevans.com
                        *Attorneys for Interpleader-Plaintiff*