James C. Worthen, # 6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com

T. Thomas Singer, #5-1678
Hall & Evans, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Telephone: (406)969-5227
Facsimile: (406)969-5233
singert@hallevans.com

Jaclyn S. Laferriere, (*Pro Hac Vice*)
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303)628-3300
Facsimile: (303)628-3368
laferrierej@hallevans.com
*Attorneys for Interpleader-Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, an Illinois Corporation, | ) ) ) ) |
| Interpleader-Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 22-cv-00114-SWS |
| SKY AVIATION CORPORATION, a Wyoming Corporation; ROB CRAGO, an individual; FRAN DUNCAN, an individual; TERRY DUNCAN, an individual; CODY EASUM, an individual; LYLE EVELO, an individual; DELFINO JUAREZ, an individual; ROY KENT, an individual; LEON MILLER, an individual; BRYON MURRAY, an individual; VALERIE MURRAY, an individual; MURRAY FARMS, a partnership; DAVE NORTHROP, an individual d/b/a NORTHROP FARMS; RICK RODRIQUEZ, an individual; JUANITA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

| | |
|---|---|
| SAPP, an individual; MIKE SAPP, an individual; PAT SAPP, an individual; REXENE SAPP, an individual; ROYAL STUKEY, an individual; JOHN/JANE DOES 1-10, and XYZ CORPORATIONS 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Interpleader-Defendants. | ) |

## AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("Interpleader-Plaintiff" or "Allianz"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 15, 22, and 57, and 28 U.S.C. § 2201, hereby files this Amended Complaint for Interpleader and Declaratory Judgment against Interpleader-Defendants and respectfully shows the Court as follows:

### PARTIES TO THIS COMPLAINT

1. Interpleader-Plaintiff, Allianz Global Risks US Insurance Company ("Allianz"), is an insurance corporation organized under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

2. Allianz is an insurance company licensed to do business in the State of Wyoming.

3. Sky Aviation Corporation is a Wyoming corporation with its principal place of business in Worland, Wyoming.

4. On information and belief, Interpleader-Defendant Rob Crago is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

5. On information and belief, Interpleader-Defendant Rob Crago owns real property in Park County, State of Wyoming.

6. On information and belief, Interpleader-Defendant Fran Duncan is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

7. On information and belief, Interpleader-Defendant Fran Duncan owns real property in Park County, State of Wyoming.

8. On information and belief, Interpleader-Defendant Terry Duncan is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

9. On information and belief, Interpleader-Defendant Terry Duncan owns real property in Park County, State of Wyoming.

10. On information and belief, Interpleader-Defendant Cody Easum is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

11. On information and belief, Interpleader-Defendant Cody Easum owns real property in Park County, State of Wyoming.

12. On information and belief, Interpleader-Defendant Lyle Evelo is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

13. On information and belief, Interpleader-Defendant Lyle Evelo owns real property in Park County, State of Wyoming.

14. On information and belief, Interpleader-Defendant Delfino Juarez is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

15. On information and belief, Interpleader-Defendant Delfino Juarez owns real property in Park County, State of Wyoming.

16. On information and belief, Interpleader-Defendant Roy Kent is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

17. On information and belief, Interpleader-Defendant Roy Kent owns real property in Park County, State of Wyoming.

18. On information and belief, Interpleader-Defendant Leon Miller is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

19. On information and belief, Interpleader-Defendant Leon Miller leases real property owned by Juanita Sapp, in Park County, State of Wyoming.

20. On information and belief, Interpleader-Defendant Bryon Murray is an individual and was at relevant times a resident and citizen of Powell, Park County, State of Wyoming. On information and belief, Interpleader-Defendant Bryon Murray is currently a resident of the State of Arizona.

21. On information and belief, Interpleader-Defendant Bryon Murray owns real property in Park County, State of Wyoming.

22. On information and belief, Interpleader-Defendant Valerie Murray is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

23. On information and belief, Interpleader-Defendant Valerie Murray owns real property in Park County, State of Wyoming.

24. On information and belief, Interpleader-Defendant Murray Farms is a partnership which owns property in and has its principal place of business in Powell, Park County, State of Wyoming.

25. On information and belief, Interpleader-Defendant Dave Northrop is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

26. On information and belief, Interpleader-Defendant Dave Northrop owns and operates Northrop Farms.

27. On information and belief, Interpleader-Defendant Dave Northrop owns real property in Park County, State of Wyoming.

28. On information and belief, Interpleader-Defendant Rick Rodriquez is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

29. On information and belief, Interpleader-Defendant Rick Rodriquez owns real property in Park County, State of Wyoming.

30. On information and belief, Interpleader-Defendant Juanita Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

31. On information and belief, Interpleader-Defendant Juanita Sapp owns real property in Park County, State of Wyoming.

32. On information and belief, Interpleader-Defendant Mike Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

33. On information and belief, Interpleader-Defendant Mike Sapp owns real property in Park County, State of Wyoming.

34. On information and belief, Interpleader-Defendant Pat Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

35. On information and belief, Interpleader-Defendant Pat Sapp owns real property in Park County, State of Wyoming.

36. On information and belief, Interpleader-Defendant Rexene Sapp is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

37. On information and belief, Interpleader-Defendant Rexene Sapp owns real property in Park County, State of Wyoming.

38. On information and belief, Interpleader-Defendant Royal Stukey is an individual and is a resident and citizen of Powell, Park County, State of Wyoming.

39. On information and belief, Interpleader-Defendant Royal Stukey owns real property in Park County, State of Wyoming.

40. On information and belief, Interpleader-Defendant John/Jane Does 1–10 are individuals and are residents of the State of Wyoming. Interpleader-Defendant John/Jane Does 1–10 are unknown Interpleader-Defendants who, upon information and belief, may have suffered damages as a result of the event described below.

41. On information and belief, Interpleader-Defendant XYZ Corporations 1–10 are corporations and are residents of the State of Wyoming. Interpleader-Defendant XYZ Corporations 1–10 are unknown Interpleader-Defendants who, upon information and belief, may have suffered damages as a result of the event described below.

## JURISDICTION AND VENUE

42. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because every Interpleader-Defendant is diverse in citizenship from Interpleader-Plaintiff, and the amount in controversy exceeds $75,000.00.

43. This Court has jurisdiction over this interpleader action pursuant to Federal Rule of Civil Procedure 22. An actual and substantial controversy exists between the parties. Allianz is subject to competing claims for the limits of liability under an Aircraft Insurance Policy issued to its insured, Sky Aviation Corporation.

44. Venue is proper under 28 U.S.C. § 1391 because all of the defendants live in Wyoming and at least one defendant lives in Park County, Wyoming, which is located in this

Court's judicial district. Furthermore, the events giving rise to this action occurred in Park County, Wyoming.

## THE INCIDENT

45.     Sky Aviation Corporation is a Wyoming corporation which provides, among other services, aerial application for agriculture.

46.     On or about May 28, 2019, through May 31, 2019, a pilot-operated spray switch on a helicopter used for aerial application on behalf of Sky Aviation Corporation failed while conducting aerial application operations near Powell, Wyoming.

47.     The failure caused the intermittent uncommanded activation of the spray pump and nozzles, resulting in drift damage to trees and agricultural crops on certain real property in Park County, Wyoming ("the incident").

## THE POLICY

48.     Allianz issued an Aircraft Insurance Policy to Named Insured Sky Aviation Corporation, policy number A2GA000355319AM ("the Policy"), attached as Exhibit A.

49.     The Policy had a policy period of May 2, 2019, to May 2, 2020, and was in effect at the time of incident.

50.     The Policy issued to Sky Aviation Corporation included an Amendatory Aerial Application Endorsement with an effective date of May 2, 2019, which states as follows in relevant part:

**AMENDATORY AERIAL APPLICATION ENDORSEMENT**

\* \* \*

Regardless of anything to the contrary in Exclusion 9. d) of this policy, the Company will pay on behalf of the **Insured** all sums the **Insured** shall become legally obligated to pay as damages because of **bodily injury** or **prop-erty damage** resulting from the **aerial application** of **chemicals** applied by the **Named Insured**. The total limit of the Company's liability for coverage provided by this endorsement shall not exceed the limits stated below:

  **LIMITS OF INSURANCE** - The following limits apply only to the **Chemical** category:

**CC**.

* * *

| **COVERAGE D:** SINGLE LIMIT **BODILY INJURY** AND **PROPERTY DAMAGE** EXCLUDING **PASSENGERS** | $ 200,000<br>$ 200,000 | Each **Occurrence**<br>Aggregate |
|---|---|---|

(Policy, AMENDATORY AERIAL APPLICATION ENDORSEMENT, Endorsement Number 5, AGCS-AV 8200 (07-06), Exhibit A, at p. 26.)

51.  The Endorsement provides the following definitions:

"**Aerial Application**" means the application of **chemicals** by **aircraft** including flights to and from the place the **Insured** will be applying **chemicals**.

"**Chemical(s)**" means any substance or mixture of substances intended to prevent, destroy, repel or mitigate any pest, or any substance or mixture of substances intended for use as a plant or tree regulator, defoliant or desiccant. The common name of a **chemical** includes preparations of the **chemical**, in any form, having a trade or proprietary name.

"**Comprehensive Chemical (CC)**" means seeds, fertilizers, or any **chemical**.

* * *

(Policy, AMENDATORY AERIAL APPLICATION ENDORSEMENT, Endorsement Number 5, AGCS-AV 8200 (07-06), Exhibit A, at p. 27.)

52.  The Insuring Agreements of the Policy states as follows in relevant part:

**INSURING AGREEMENTS**

The Company agrees:

* * *

**4) DEFENSE, SETTLEMENT AND SUPPLEMENTARY PAYMENTS**

**Under Coverages A, B, C and D**

The Company shall have the right and duty to defend any suit against the **Insured** seeking damages on account of **Bodily Injury** or **Property Damage**, even if any of the allegations of the suit are ground-less, false or fraudulent, and may make such inves-tigation and settlement of any claim or suit as it deems expedient, but the Company shall not be ob-ligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judg-ments or settlements.

* * *

(Policy, INSURING AGREEMENTS, AGCS-AC 1400 (09-09), Exhibit A, at p. 10.)

53. The subject of this interpleader action is the remaining proceeds under the Amendatory Aerial Application Endorsement's $200,000.00 bodily injury and property damage liability limit for each occurrence and in the aggregate.

54. Due to a prior settlement of $601.04, the available bodily injury and property damage liability coverage is $199,398.96.

## COUNT I – INTERPLEADER

55. Paragraphs One (1) through Forty-Nine (49) are incorporated and realleged as though fully set forth herein.

56. Upon information and belief, Interpleader-Defendants resided on, owned, or leased real property that was the subject of the incident.

57. Upon information and belief, Interpleader-Defendants may assert various claims against Sky Aviation Corporation as a result of the incident, including claims for property damage and/or bodily injury.

58. Upon information and belief, the Policy provides bodily injury and property damage coverage to Interpleader-Defendants as a result of the incident.

59. Upon information and belief, Interpleader-Defendants have made or may make claims on the Policy as a result of the incident for their bodily injury and/or property damage.

60. The claims made on the Policy against Sky Aviation Corporation as a result of the incident exceed the Amendatory Aerial Application Endorsement's bodily injury and property damage liability limit, which is $200,000 each occurrence and in the aggregate.

61. The claims made on the Policy may expose Allianz and/or Sky Aviation Corporation to multiple liability, including multiple claims on the same limited bodily injury and property damage coverage available under the Policy.

62. The interests that Interpleader-Defendants' claim are adverse and independent to the other Interpleader-Defendants because the claims asserted may exceed the policy limits.

63. Allianz is unsure which Interpleader-Defendant is entitled to what portion of the funds.

64. Allianz is a disinterested stakeholder with reasonable doubt as to the party or parties entitled to funds in its possession.

65. Allianz in good faith interpleads the Defendants and is therefore entitled to recover its reasonable attorney fees and costs.

66. Allianz timely files this complaint after receiving notice of multiple claims in order to fully discharge its liability and to permit Interpleader-Defendants to establish their claim or claims to the disputed funds. Allianz has not unreasonably delayed filing an action for interpleader.

67. Allianz is now ready, willing, and able to pay the funds to the person or persons legally entitled to them. However, because Allianz cannot determine the merits or validity of the respective claims to the funds, Allianz is, therefore, exposed to multiple liability.

68. Allianz is in possession of the property subject to this interpleader and agrees and intends to unconditionally tender the property into the Court's registry. Allianz requests leave to deposit the disputed property into the registry of the Court.

69. Each of the Interpleader-Defendants should be required to demonstrate their claim against the Policy or be barred from making any claim against the Policy.

70. Due to a prior settlement of $601.04, the available bodily injury and property damage liability coverage is $199,398.96.

71. Allianz has no duty to pay any amount more than its $200,000 policy proceeds in this interpleader proceeding where the remaining policy amount of $199,398.96 has been interpleaded and deposited with the Court.

## COUNT II – DECLARATORY RELIEF

72. Paragraphs One (1) through Sixty-Six (66) are incorporated and realleged as though fully set forth herein.

73. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S. Code § 2201, Allianz seeks a judicial determination concerning the scope and nature of its rights and obligations under its Policy issued to Sky Aviation Corporation, policy number A2GA000355319AM.

74. Allianz is entitled to the Court's declaratory judgment that Allianz has discharged all of its indemnification obligations under the Policy and owes no further duty to indemnify Sky Aviation Corporation under the Policy for claims against it because of the incident.

75. Allianz is entitled to a declaration that once its limit of liability insurance has been exhausted its duty to defend ends.

76. Once Allianz deposits the remaining policy limits of $199,398.96 into the Court's registry and is dismissed from the Interpleader, its duty to defend Sky Aviation Corporation ends, pursuant to the Policy.

## PRAYER FOR RELIEF

77. For these reasons, Interpleader-Plaintiff Allianz requests that the Court do the following:

   a. Declare the Interpleader appropriate;

b. Authorize Interpleader-Plaintiff to deposit the remaining proceeds of Policy Number A2GA000355319AM into the Court's registry;

c. Declare that by paying the policy limits into the Court's registry, Interpleader-Plaintiff's obligations under the Policy are satisfied and discharge Interpleader-Plaintiff from any further liability under said policy;

d. Dismiss Interpleader-Plaintiff from this litigation with prejudice;

e. Enjoin and restrain Interpleader-Defendants and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against Allianz or Sky Aviation Corporation related to the Policy proceeds or the coverage under the Policy, including any interest or claims related thereto;

f. Award Interpleader-Plaintiff its costs and attorney fees associated with this action from the funds it seeks to interplead;

g. Award Interpleader-Plaintiff all other relief to which it is entitled.

Respectfully submitted this 23rd day of August, 2022.

        s/     James C. Worthen_____
James C. Worthen #6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com

T. Thomas Singer, #5-1678
Hall & Evans, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Telephone: (406)969-5227
Facsimile: (406)969-5233
singert@hallevans.com

>Jaclyn S. Laferriere, (*Pro Hac Vice*)
>Hall & Evans, LLC
>1001 17th Street, Suite 300
>Denver, CO 80202
>Telephone: (303)628-3300
>Facsimile: (303)628-3368
>laferrierej@hallevans.com
>*Attorneys for Interpleader-Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2022, I electronically filed the foregoing **AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT** with the Clerk of Court using the NextGen CM/ECF system and served the following persons by the methods described below:

| | |
|---|---|
| Colin M. Simpson, Esq.<br>BURG \| SIMPSON \| ELDREDGE \|<br>HERSH \| JARDINE PC<br>1135 14th Street<br>Cody, WY 82414<br>Phone: 307-527-7891<br>Fax: 307-527-7897<br>Email: csimpson@BurgSimpson.com<br>*Attorney for Rob Crago* | Patrick J. Lewallen<br>Chapman Valdez & Lansing<br>PO Box 2710<br>Casper, WY 82602<br>Phone: 307-237-1983<br>Email: plewallen@bslo.com<br>*Attorney for Fran & Terry Duncan* |
| Delfino Juarez<br>1001 Road 9<br>Powell, WY 82435<br>Phone: 307-272-7945 | Roy Kent, MD<br>1007 Lane 13<br>Powell, WY 82435<br>Phone: 307-754-5088<br>Email: royjankent@gmail.com |
| Leon Miller<br>1020 Julie Lane<br>Powell, WY 82435<br>Phone: 406-425-0380<br>Email: leonmiller4884@gmail.com | Juanita Sapp<br>917 Lane 13<br>Powell, WY 82435<br>Phone: 480-589-2897<br>Email: juanitasapp13@gmail.com |
| Pat Sapp<br>925 Lane 13<br>Powell, WY 82435<br>Phone: 307-754-3728<br>Email: pft3pat@gmail.com | Rexene Sapp<br>925 Lane 13<br>Powell, WY 82435<br>Phone: 307-754-3728<br>Email: rexene.sapp@gmail.com |

| | |
|---|---|
| Cody Easum<br>1226 Road 5<br>Powell, WY 82435<br>Phone: 307-202-0769 | Lyle Evelo<br>1599 Lane 11<br>Powell, WY 82435<br>Phone: 307-202-0433 |
| Valerie Murray<br>749 Lane 13<br>Powell, WY 82435<br>Phone: 307-254-1224<br>Email: murraymere@outlook.com | Murray Farms<br>749 Lane 13<br>Powell, WY 82435 |
| | Dave Northrop / Northrop Farms<br>724 Lane 13<br>Powell, WY 82435<br>Phone: 307-889-2791 |
| Rick Rodriquez<br>77 Snakey Knob Loop<br>Powell, WY 82435-8206<br>Phone: 307-272-4384 | Royal Stukey<br>694 Lane 13<br>Powell, WY 82435<br>Phone: 307-754-2060 |
| Sky Aviation Corporation | |

*s/ Tonya Kourt*
Legal Assistant
HALL & EVANS, LLC