

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, an Illinois Corporation;<br><br>Interpleader Plaintiff,<br><br>VS.<br><br>SKY AVIATION CORPORATION, a Wyoming Corporation; ET AL.;<br><br>Interpleader Defendants, | Case No. 22-CV-00114-SWS |
| ROYAL STUKEY, individually and as next friend of minor child A.S.; JEANIE STUKEY, individually and as next friend of minor child A.S.;<br><br>Intervenor Plaintiffs,<br><br>VS.<br><br>SKY AVIATION CORPORATION, a Wyoming Corporation;<br><br>Intervenor Defendant. | |

## ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Sky Aviation Corporation's Motion to Dismiss (ECF No. 85) and supporting memorandum (ECF No. 86). Sky Aviation Corporation asserts the statute of limitations bars Royal and Jeanie Stukeys's claims

brought in their individual capacities. For the following reasons, the Court agrees and finds dismissal of Royal and Jeanie Stukeys's individual claims is required.

## BACKGROUND

Sky Aviation Corporation ("Sky Aviation") conducts aerial herbicide spraying for agricultural purposes. (ECF No. 86 at 2.) From May 28 to May 31, 2019, a Sky Aviation helicopter spraying near Powell, Wyoming allegedly experienced a failure in its pilot-operated spray switch. (ECF No. 1 at 6.) The spray switch failure caused the intermittent, uncommanded activation of the spray pump and nozzles, allegedly resulting in drift damage to surrounding properties in Park County, Wyoming. (*Id.*)

Sky Aviation carries an aircraft insurance policy with Allianz Global Risks US Insurance Company ("Allianz"). (*Id.* at 7.) Per the policy, Allianz covenants to "pay on behalf of [Sky Aviation] all sums [Sky Aviation] shall become legally obligated to pay as damages because of bodily injury or property damage resulting from the aerial application of chemicals applied by [Sky Aviation]." (ECF No. 1-2 at 26 (emphasis removed).) To resolve its potential liability under the policy, Allianz filed an interpleader action against several Park County property owners who may have suffered damage as a result of Sky Aviation's improper spraying. (ECF No. 1.)

The matter before the Court involves one such set of property owners, Royal and Jeanie Stukey ("the Stukeys"). The Stukeys own a parcel of land in Powell, Wyoming, on which they farm and manufacture shooting benches from a warehouse on site. (ECF No. 78 at 6.) Mr. Stukey was named as an interpleader-defendant in Allianz' action, but Mrs. Stukey was not. (ECF No. 1.) On June 29, 2023, the Stukeys joined the Allianz suit by

filing a complaint in intervention against Sky Aviation, asserting claims in their individual capacities and on behalf of their minor child, A.S. (ECF No. 78.)

The Stukeys's complaint asserts three claims against Sky Aviation for the May 2019 incident: negligence, strict liability, and trespass. (*Id.* at 3-4.) As relevant here, the complaint alleges:

> From May 28, 2019 through May 31, 2019 a Sky Aviation Corporation helicopter pilot conducted ariel herbicide spray applications in Park County, Wyoming using an improperly functioning pilot operated spray valve which resulted in spraying over the [Stukeys's] property.
>
> On the afternoon of May 29, 2019, Intervenor Royal Stukey was working in the company warehouse while Intervenor Jeanie Stukey and then three year old A.S. were working/playing in the front yard respectively.
>
> On May 30, 2019 A.S. began to develop swelling patches of skin on his arms, legs and ankles.
>
> On June 3, 2019 A.S. began to complain of a strong stomach ache and shortly thereafter developed severe diarrhea. The stomach ache and diarrhea would continue to plague A.S. for the next ten days.
>
> The effects on the Stukey's real property were also significant, as all manner of plants and trees were defoliated by early June, 2019.
>
> The damage to the [Stukeys's] real property continues to manifest itself to this date and A.S. will forever be at a heightened risk for the development of a host of different cancers and autoimmune diseases.

(*Id.* at 6-7 (paragraph numeration omitted).)

Sky Aviation moved to dismiss the claims brought by the Stukeys in their individual capacities, asserting the statute of limitations as a complete bar to relief.[1] (ECF No. 85.) In Sky Aviation's view, the statute of limitations began to run on the Stukeys's claims, at the

---

[1] Sky Aviation does not seek dismissal of the claims brought on behalf of the minor child, A.S. (ECF No. 86 at 2, 4.)

latest, in early June 2019. (ECF No. 86 at 4.) And with a four-year statute of limitations, Sky Aviation asserts the Stukeys's June 29, 2023 complaint is untimely. (*Id.* at 4-5.)

The Stukeys's argue a different point directs the running of the statute of limitations. From their perspective, their claims accrue in the spring or summer of 2020 when, as Mr. Stukey attests in an affidavit submitted with their response, several trees on the Stukey property died. (ECF No. 89.) Also in their response, the Stukeys limit their claim to relief to seek recovery only for damage to their real property, not for personal injury. (*Id.* at 2.)

## LEGAL STANDARD

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). A court may dismiss a cause of action based on a statute of limitations defense "when the dates recited in the complaint make it apparent that there is no longer a right to sue." *Rubeck v. Brammer*, No. 21-8053, 2022 WL 221665, at *2, (10th Cir. Jan. 26, 2022) (unreported).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations, assumed to be true, must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court accepts the nonmoving party's well-pled factual allegations as true and construes them in the light most favorable to the nonmoving party, but it is not bound to accept an asserted legal conclusion as true. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"If matters outside the pleadings are considered by the court, the Rule 12(b)(6) motion is treated as a motion for summary judgement and disposed of pursuant to Fed.R.Civ.P. 56." *Hall*, 935 U.S. at 1109 (citation omitted). A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(A). The court views all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 949 (10th Cir. 2002). District courts have broad discretion in deciding whether or not to accept material beyond the pleadings. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998). Consideration of material beyond the pleadings would require this Court to give notice of the same to the parties and an opportunity to supplement. *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654-55 (10th Cir. 2002). The Court will not convert Defendant's motion to dismiss. The Court finds the facts alleged in the Stukeys's complaint dispositive of the issue at bar and declines to consider Mr. Stukey's affidavit.

## DISCUSSION

The Court's subject matter jurisdiction in this case is based on diversity of citizenship, *see* 28 U.S.C. § 1332, which requires the Court to apply Wyoming substantive law. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938). Under Wyoming law "[s]tatutes of limitation are arbitrary by their very nature" and "operate against even the most meritorious of claims[.]" *Duke v. Housen*, 589 P.2d 334, 340 (Wyo. 1979). Statutes of limitation "represent legislative and public policy controlling the right to litigate" and a court is without authority to deny their application. *Id.* The circumstances of the case— "the nature of the injury, its extent, the amount of money damages involved, social

considerations, and the emotional appeal the facts may have"—are significant only "in the bearing they may have on where the cause of action arose, when it arose and when the time expired for pursuing the applicable judicial remedy." *Id.; see also Rawlinson v. Cheyenne Bd. of Public Utilities*, 17 P.3d 13, 15-16 (Wyo. 2001) (extent of injury and amount of damages only significant in the effect they may have on when cause of action arose; statute of limitations began to run when homeowner discovered property damage).

Wyo. Stat. Ann. § 1-3-105(a)(iv) provides the applicable four-year statute of limitations for trespass, negligence, and strict liability actions. *See also James v. Montoya*, 963 P.2d 993, 995 (Wyo. 1998) (holding negligence actions are subject to four-year statute of limitations); *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 345 (Wyo. 1986) (holding four-year limitations period applies to strict liability claims). Thereunder, a claimant is required to commence his action within four years "after the cause of action accrues." § 1-3-105(a)(iv). A cause of action accrues "when the injured party knows or reasonably ought to know that some damage has resulted from the wrongful act." *Anderson v. Bauer*, 681 P.2d 1316, 1321 (Wyo. 1984). The statute begins to run regardless of whether a claimant "know[s] that someone may be legally responsible for his injury." *Rawlinson*, 17 P.3d at 17.

Accepting the allegations in the complaint as true, it is clear the Stukeys knew or reasonably ought to know some damage had resulted from Sky Aviation's improper spraying by, the latest, early June 2019. The complaint identifies two points at which the Stukeys knew damage occurred. The first, on May 30, 2019, when A.S. experienced "swelling patches of skin" on his body. (ECF No. 78 at 7.) The second, when "all manner of plants and trees [on the Stukey property] were defoliated by early June 2019." (*Id.*) By

the very terms of the complaint, the Stukeys were aware *some* damage had occurred as early as May 30, 2019. In this case, the extent of the damage or manifestation of additional damage, such as some trees ultimately dying, does not change the date they discovered property damage due to the alleged improper spraying of herbicides on their property.

But even assuming the Stukeys's cause of action did not accrue until the later date—the defoliation in early June 2019—the Stukeys's complaint is untimely. With a four-year statute of limitations, the Stukeys were required to commence their action by early June 2023. The Stukeys failed to do so. More than four years passed before the Stukeys filed their complaint on June 29, 2023. As such, the statute of limitations bars their claims. *See Duke*, 589 P.2d at 340 (requiring courts to enforce statutes of limitation).

The Stukeys make several arguments in an effort to save their claims. First, the Stukeys argue the statute of limitations did not begin to run until spring or summer 2020, when several trees on the Stukey property died. The subsequent death of the Stukeys's trees is of no consequence to when their claims accrued for the statute of limitations. In determining when a cause of action accrues, the relevant date is "when the injured party knows or reasonably ought to know that some damage has resulted from the wrongful act." *Anderson*, 681 P.2d at 1321. This is so, *Anderson* held, even though "the damage is slight, continues to occur, or *additional damage caused by the same wrongful act may result in the future.*" *Id.* The defoliation of the Stukeys's plants and trees—which the Stukeys themselves describe as "significant"—marks the latest accrual date for the statute of limitations; the subsequent death of their trees amounts only to additional damage caused by Sky Aviation's alleged improper spraying.

The Stukeys's argument that the death of their trees should mark the accrual date because A.S.'s skin reaction and the tree defoliation did not put them on notice their trees would die is equally unavailing. There is no such notice requirement. Indeed, *Anderson*'s inclusion of "additional damage" contemplates a claimant suffering future unexpected damage. *See id.* The argument is also unpersuasive. It strains credulity to imagine the complete defoliation of trees on the Stukey property in early June did not put the Stukeys on notice that those trees had been damaged and were at risk of perishing.

The Stukeys attempt to excuse their untimeliness by asserting "the investigation demanded of the Stukeys required an assessment of their damage, which required the passage of time." However, it is the event of damage, not extent that controls. *See Rawlinson*, 17 P.3d at 15-16.

Nonetheless, the Stukeys do not explain why the four-year period afforded by the statute of limitations provided insufficient time to investigate their damage. The death of their trees occurred in the spring or summer of 2020, leaving approximately three years to investigate and file suit.

Finally, the Stukeys's argue they could not make out a negligence cause of action until the death of their trees because they could not satisfy the damages element. This argument fails because it ignores the damage the Stukeys's complaint alleges and that they had already suffered—the complete defoliation of the plants and trees on their property in early June 2019. Even had the trees not ultimately perished, there is no reason to believe that the law would not recognize the damage the Stukeys had suffered. *See City of Kemmerer v. Wagner*, 866 P.2d 1283, 1287 (Wyo. 1993) ("Where the damage to real property is of a temporary character, or where it can be repaired at a small expense, the

cost of the repair has often been held to be the measure of damages." (quoting *Town Council of Town of Hudson v. Ladd*, 37 Wyo. 419, 425-26, 263 P. 703, 705 (1928)).

## CONCLUSION AND ORDER

The Court finds Royal and Jeanie Stukey's claims accrued, at the latest, in early June 2019 and thus are barred by Wyo. Stat. Ann. § 1-3-105(a)(iv)'s four-year statute of limitations. Accordingly, the trespass, negligence, and strict liability claims brought by Royal and Jeanie Stukey in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that Sky Aviation Corporation's motion to dismiss (ECF No. 85) is GRANTED. Royal and Jeanie Stukeys's trespass, negligence, and strict liability claims brought in their individual capacities are DISMISSED WITH PREJUDICE as time-barred.

Dated this 10th day of October, 2023.

Scott W. Skavdahl
United States District Judge