**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, an Illinois Corporation,    ) ) ) ) | |
|      Plaintiff,    ) ) | |
| v.    ) ) | Civil Action No. 22-cv-00114-SWS |
| SKY AVIATION CORPORATION, a Wyoming Corporation; ROB CRAGOE, an individual; FRAN DUNCAN, an individual; TERRY DUNCAN, an individual; CODY EASUM, an individual; LYLE EVELO, an individual; DELFINO JUAREZ, an individual; ROY KENT, an individual; LEON MILLER, an individual; BRYON MURRAY, an individual; VALERIE MURRAY, an individual; MURRAYMERE FARMS, a partnership; DAVE NORTHROP, an individual d/b/a NORTHROP FARMS; RICK RODRIQUEZ, an individual; JUANITA SAPP, an individual; MIKE SAPP, an individual; PAT SAPP, an individual; REXENE SAPP, an individual; ROYAL STUKEY, an individual; JOHN/JANE DOES 1-10, and XYZ CORPORATIONS 1-10,    ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|    Defendants,    ) ) | |
| and    ) ) | |
| A.S., a minor,    ) ) | |

Intervenor Defendant.                      )
                                           )
                                           )
ROB CRAGOE,                                )
                                           )
        Cross-Claim Plaintiff,             )
                                           )
v.                                         )
                                           )
SKY AVIATION CORPORATION                   )
                                           )
        Cross-Claim Defendant.             )
                                           )
                                           )
TERRY DUNCAN and FRAN DUNCAN,              )
                                           )
        Cross-Claim Plaintiffs and         )
        Third-Party Plaintiffs,            )
                                           )
v.                                         )
                                           )
SKY AVIATION CORPORATION                   )
                                           )
        Cross-Claim Defendant.             )
                                           )
and                                        )
                                           )
ANDREW PAULSON,                            )
                                           )
        Third-Party Defendant.            )
                                           )

**JOINT REPORT OF MEETING**
**and**
**PROPOSED JOINT DISCOVERY AND CASE MANAGEMENT PLAN**
**Under Rule 26(f) of the Federal Rules of Civil Procedure**
(Please restate the instruction in **bold** before furnishing the responsive information.)

**(The parties' proposed plan is subject to revision and modification by the**
**Court at the Initial Pretrial Conference.)**

1.      **State where and when the conference among the parties required by Rule 26(f)**
        **of the Federal Rules of Civil Procedure was held, and identify the counsel for**

each party or any unrepresented *pro se* individual who attended.  The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.

Due to the number of the parties, the conference was conducted over emails from March 23 to April 8, 2024, with all counsel involved. A videoconference was also held with the counsel indicated below on April 8, 2024. The participants specifically addressed all items on the Rule 26(f) Conference Checklist. Subsequent communications amongst counsel took place to update this Report.

Jaclyn S. Laferriere (Pro Hac Vice)
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303)628-3300
Facsimile: (303)628-3368
laferrierej@hallevans.com
*Attorney for Plaintiff*

David Michael Clark
RAGAIN & CLARK PC
PO BOX 667
Worland, WY 82401
307/388-6400
Email: dave@mtwylaw.com
*Attorney for Sky Aviation Corporation (Coverage Issues)*

Alex Whitman
CUNNINGHAM SWAIM, LLP
4015 Main Street
Ste 200
Dallas, TX 75226
214-646-1495
Email: awhitman@cunninghamswaim.com
*Attorneys for Sky Aviation Corporation (Tort Issues) and Andrew Paulson*

Jacob L. Vogt
HIRST APPLEGATE LLP
1720 Carey Avenue, Room 400
PO Box 1083
Cheyenne, WY 82003-1083
307/632-0541
Email: jvogt@hirstapplegate.com

3

*Attorney for Sky Aviation Corporation and Andrew Paulson*

David Hill
Colin M. Simpson
BURG | SIMPSON | ELDREDGE | HERSH | JARDINE PC
1135 14th Street
Cody, WY 82414
Phone: 307-527-7891
Email: csimpson@BurgSimpson.com
*Attorneys for Rob Cragoe*

Clinton E. Phillips
Phillips Law Offices
249 E. Second Street, Suite Two
Powell, WY 82435
Phone: 307-213-0999
Email: clint@cephillipslaw.com
*Attorney for Royal Stukey and Jeanie Stukey as next friends of A.S*

Patrick J. Lewallen
Chapman Valdez & Lansing
P.O. Box 2710
Casper, WY 82602
Phone: 307-237-1983
Email: plewallen@bslo.com

Frank R. Chapman
Frank Chapman Law Office
P.O. Box 1
Kelly, WY 83011
Phone: 307-699-3159
Email: Frankchapman.law@gmail.com

*Attorneys for Fran & Terry Duncan*

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**
None.

**3.     Please specify if this is a Jury Trial or a Bench Trial; or if parties anticipate filing a Motion to Strike Jury Trial demand.**
<u>Plaintiff Allianz's position</u>: Allianz intends to resolve the coverage-based contract claims via dispositive motions. Allianz has not demanded a jury trial.

4

<u>Defendant Sky Aviation (Coverage Claims)</u>: It is anticipated this will be resolved via dispositive motions. Sky Aviation has not demanded a jury trial.

<u>Crossclaim Defendant Sky Aviation/Third Party Defendant Andrew Paulson's Position (Tort Claims)</u>: A jury was originally demanded. (Dkt. 40). Certain elements of this case, and perhaps the entire action, may be best adjudged by the Court through a bench trial or summary judgment proceedings.

**4.     Briefly describe what this case is about.**

<u>Plaintiff Allianz</u>:

Plaintiff Allianz Global Risks US Insurance Company ("Allianz") offers Aircraft Insurance Policies. The policies offered by Allianz exclude liability coverage for the aerial application of herbicides for agricultural use. Allianz offers a separate coverage specifically for such operations through an Amendatory Aerial Application Endorsement. Sky Aviation Corporation ("Sky Aviation") purchased an Aircraft Insurance Policy from Allianz, which contains the unambiguous Exclusion for the application of or use of all forms of chemicals, including specifically herbicides. Sky Aviation also purchased the Amendatory Aerial Application Endorsement, which provides a separate limit of $200,000 of aggregate coverage for damages because of bodily injury or property damage resulting from the aerial application of chemicals. After Allianz instituted this action, several defendants brought liabilty-based tort claims against Sky Aviation and Andrew Paulson pertaining to a crop-dusting incident which occurred between May 28 and 31, 2019, in Park County, Wyoming. Allianz requests a declaration stating that the Policy's liability coverage for the crop-dusting event is limited to that stated in the Aerial Application Endorsement.

The Court has ordered that the coverage-based contract claims, particularly including Allianz's request for declaratory judgment on the scope and extent of its coverage duty, will be bifurcated from the liability-based tort claims. (Dkt. 81.) The Court also ordered that the magistrate judge please place the coverage-based claims on an expedited discovery and motions schedule.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: No changes from Allianz's description of the case.

<u>Sky Aviation (Coverage Claims)</u>: As relates to the coverage claims described by Allianz above, Sky Aviation generally agrees with the description of the case except as follows: Sky Aviation disputes that the Policy's liability coverage for damages, if any, that may be attributable to the occurrences described in the amended complaint and the tort-based claims are limited to that stated in the Aerial Application Endorsement. Further, Sky Aviation disputes that any such damages are excluded by the Exclusion mentioned above.

<u>Rob Cragoe</u>: Mr. Cragoe generally agrees with Allianz's description of events.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys generally agree with Alianz's description of events, but do allege A.S. was injured as a result thereof.

<u>Fran & Terry Duncan</u>: The Duncans generally agree with the Allianz's description of events, however, believe their property was damaged when the helicopter was in flight as well as grounded.

5.   **Specify the allegations providing the basis for federal jurisdiction.**
      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because every Defendant is diverse in citizenship from Plaintiff, and the amount in controversy exceeds $75,000.00. Venue is proper under 28 U.S.C. § 1391 because all of the defendants live in Wyoming and at least one defendant lives in Park County, Wyoming, which is located in this Court's judicial district. Furthermore, the events giving rise to this action occurred in Park County, Wyoming.

6.   **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**
      None.

7.   **Discuss whether or not the case is complex.  If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling and case management considerations in particular, during the Initial Pretrial Conference.**
      <u>Plaintiff Allianz's position</u>: The Court has ordered that the coverage-based contract claims, particularly including Allianz's request for declaratory judgment on the scope and extent of its coverage duty, will be bifurcated from the liability-based tort claims. (Dkt. 81.) The portion of the case pertaining to the coverage-based contract claims is not complex. There are a number of potential claimants who have not appeared, and Allianz has requested entries of default to simplify the Declaratory Judgment. Allianz incorporates its Status Report which addresses the service of process and service attempts on the Defendants (Dkt. 100).

      <u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: As to the tort claims, these parties do not consider this case to be complex.

      <u>Sky Aviation (Coverage Claims)</u>: Sky Aviation agrees with Allianz that this case is not complex with respect to the coverage claims.

      <u>Rob Cragoe</u>: Mr. Cragoe concurs with the Duncan's assessment of complexity.

      <u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys do not consider the issues raised by the allegations in dispute to be complex in nature.

<u>Fran & Terry Duncan</u>: The Duncans do not believe this case complex.

**8.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

<u>Plaintiff Allianz</u>: No additional parties will be added to the coverage-based contract claims.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: None.

<u>Sky Aviation (Coverage Claims)</u>: None.

<u>Rob Cragoe</u>: Mr. Cragoe believes the number of parties should be limited given that the statute of limitations has run on all outstanding (unfiled) claims.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: None known.

<u>Fran & Terry Duncan</u>: None known.


**9.    List anticipated interventions.**

<u>Plaintiff Allianz</u>: None.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: None.

<u>Sky Aviation (Coverage Claims)</u>: None.

<u>Rob Cragoe</u>: None.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: None known.

<u>Fran & Terry Duncan</u>: None.

**10.    Describe class-action issues, if any.**

<u>Plaintiff Allianz</u>: None.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: None.

<u>Sky Aviation (Coverage Claims)</u>: None.

<u>Rob Cragoe</u>: None.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: None known.

<u>Fran & Terry Duncan</u>: None.

**11.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe specifically the arrangements that have been made to complete the disclosures.**

All initial disclosures were exchanged on or before April 5, 2024, except for Dave Northrop's.

**12.     Describe the proposed agreed discovery plan, including:**
a.       **Responses to all the matters raised in Rule 26(f).**
        *(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*
        The parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

        <u>Fran & Terry Duncan</u>: believe that Sky Aviation should be required to supplement their Rule 26(a) disclosures to "provide sufficient detail and clarity to permit each party 'to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial.'" *Est. of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016)

        Sky Aviation/Paulson disagree with the Duncans' assertions and assert that they have complied with all of the requirements of Rule 26(a)(1), and all additional matters on which discovery is necessary can be addressed in the normal course of discovery.

        Rob Cragoe agrees with the Duncan's claim above.

        The Stukeys agree with the Duncan claims set forth above.

        *(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*
        <u>Plaintiff Allianz</u>: The Court has ordered that the magistrate judge please place the coverage-based claims on an expedited discovery and motions schedule. (Dkt. 81.) Allianz does not anticipate extensive discovery will be needed on the declaratory judgment action. To the extent discovery is conducted, Allianz anticipates discovery regarding matters relating to the claims and defenses asserted in the parties' pleadings as to the contract-based coverage claims, including discovery germane to the insurance

coverage dispute. **Allianz proposes a deadline of May 10, 2024, to file its summary judgment motion on the declaratory judgment action. Allianz then proposes a 90-day deadline to complete all discovery on the coverage-based claims after the final ruling on the summary judgment action, if any is necessary.** Sky Aviation (Coverage Claims) agrees to this proposal by Allianz; provided, Sky Aviation does not waive its right to move for limited discovery in responding to a motion for summary judgment, as contemplated by Rule 56, as may be necessary to respond to a motion for summary judgment, depending on the substance of such a motion.

The parties have conferred and propose that the Magistrate Judge convene another Initial Pre-Trial Conference after any motions for summary judgment on the coverage claims are determined. In the interim, any party may engage in discovery.

**(C)** ***Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;***

Plaintiff Allianz: Allianz does not anticipate issues regarding electronically stored information ("ESI") at this time and acknowledges that ESI is subject to the proportionality standard of F.R.C.P. Rule 26(b)(2)(c). The parties shall preserve all existing electronically stored information related to any of the facts, claims, and defenses asserted in this matter and to the extent issues arise in the future, the parties will confer in an attempt to resolve the matter and reach a mutually acceptable resolution prior to requiring court intervention.

Sky Aviation/Andrew Paulson (Tort Claims): No significant ESI-related issues are anticipated.

Sky Aviation (Coverage Claims): No significant ESI-related issues are anticipated.

Fran & Terry Duncan: No significant ESI-related issues are anticipated.

Rob Cragoe: No significant ESI-related issues are anticipated.

The Stukeys are unaware of any ESI-related issues.

**(D)** ***Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence***

9

*502;*

Plaintiff Allianz: Allianz does not anticipate any privilege or protection issues at this time. Any claim of privilege, including work product, shall be accompanied by the timely production of a privilege log constructed in accordance with the requirements described in Federal Rule of Civil Procedure 26(b)(5).

Sky Aviation/Andrew Paulson (Tort Claims): The Duncan claimants have asserted privilege objections over documents relating to communications that their counsel had with a party defendant, Andrew Paulson. Sky Aviation anticipates challenging this privilege objection.

Sky Aviation (Coverage Claims): No significant privilege or protection issues are anticipated.

Fran & Terry Duncan: The Duncans asserted the attorney work-product privilege on a one-page document representing notes taken during a call with Defendant Andrew Paulson.

Rob Cragoe: None.

Stukeys: None.

**(E)**   ***What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed***

Plaintiff Allianz: Allianz does not foresee any changes that need to be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules. The parties also presently foresee no other limitations being necessary.

Sky Aviation/Andrew Paulson (Tort Claims): No changes foreseen to be needed.

Sky Aviation (Coverage Claims): No changes foreseen to be needed.

Fran & Terry Duncan: None known at this time.

Rob Cragoe: None known at this time.

Stukeys: None known at this time.

b.   **When and to whom the plaintiff anticipates it may send interrogatories.**

<u>Plaintiff Allianz</u>: Allianz may send interrogatories at any time after the parties have complied with Rule 26(a)(1). Allianz does not foresee the need to serve any interrogatories until after it files its motion for summary judgment on the declaratory judgment action, which Allianz anticipates filing not later than May 10, 2024.

c.    **When and to whom the defendant anticipates it may send interrogatories.**

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: Interrogatories may be sent to each of the parties that have asserted cross-claims or third party claims against Sky Aviation or Paulson that have not already been dismissed, namely Rob Cragoe, A.S., and Fran and Terry Duncan. Such discovery requests are anticipated to be sent within sixty (60) days following the scheduling conference.

<u>Sky Aviation (Coverage Claims)</u>: As to coverage claims, Sky Aviation does not foresee the need to serve any interrogatories until after it is served with a motion for summary judgment on the declaratory judgment action, which Allianz has indicated it will be filing not later than May 10, 2024. Sky Aviation may serve interrogatories on Allianz in connection with responding to a motion for summary judgment, depending on the substance of such a motion, or in the event that the Court denies such a motion, within the time proposed by Allianz in Section 12.a.B above.

<u>Rob Cragoe</u>: Mr. Cragoe anticipates sending Interrogatories to Sky Aviation and Andrew Paulson, within sixty (60) days following the scheduling conference.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys initially anticipated sending Interrogatories to Sky Aviation and Andrew Paulson within sixty (60) days of the Scheduling Conference; however, ultimately elected to delay same until after the Court's ruling on the Coverage Summary Judgment Motion and will have sent same ahead of the Second Conference.

<u>Fran & Terry Duncan</u>: the Duncans anticipate sending Interrogatories to Sky Aviation and Andrew Paulson, within sixty (60) days following the upcoming scheduling conference.

d.    **Of whom and by when the plaintiff anticipates taking oral depositions.**
<u>Plaintiff Allianz</u>: Allianz does not foresee the need to take depositions until after it files its motion for summary judgment on the declaratory judgment action, which Allianz anticipates filing not later than May 10, 2024.

11

e.      **Of whom and by when the defendant anticipates taking oral depositions.**

Sky Aviation/Andrew Paulson (Tort Claims): Depositions may be taken of each of the parties that seek damages against Sky Aviation or Paulson, namely Rob Cragoe, any representative of A.S., and Fran and Terry Duncan. Such discovery requests are anticipated to be sent within 180 days of the forthcoming scheduling conference.

Sky Aviation (Coverage Claims): As to coverage claims, Sky Aviation does not foresee the need to take depositions until after it is served with a motion for summary judgment on the declaratory judgment action, which Allianz has indicated it will be filing not later than May 10, 2024. Sky Aviation may take a 30(b)(6) deposition of Allianz in connection with responding to a motion for summary judgment, depending on the substance of such a motion, or in the event that the Court denies such a motion, within the time proposed by Allianz in Section 12.a.B above.

Rob Cragoe: Mr. Cragoe anticipates deposing named parties and/or employees who investigated on behalf of the Wyoming Department of Agriculture investigation.

Royal Stukey and Jeanie Stukey as next friends of A.S: The Stukeys anticipate deposing Sky Aviation, Andrew Paulson and any other entity or person deposed by other parties, provided same seems appropriate after receipt of written Discovery Responses.

Fran & Terry Duncan: the Duncans anticipate deposing named Parties and/or employees who investigated on behalf of the Wyoming Department of Agriculture investigation.

f.      **(i)      Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

Plaintiff Allianz: Regarding the contract-based coverage claim, Allianz does not anticipate the need for expert testimony. However, Allianz reserves the right to disclose experts pertaining to the claims and defenses asserted in the parties' pleadings as to the contract-based coverage claims, including discovery germane to the insurance coverage dispute. Allianz proposes a 45-day deadline after the final ruling on the summary judgment action for the disclosure of affirmative experts, if any

disclosure is necessary.

**(ii)    Specify the date experts for defendant will be designated and their reports provided to the opposing party.**

Sky Aviation/Andrew Paulson (Tort Claims): The exact timing of disclosures will be dependent upon the sequencing of discovery as determined by the Court, but these parties propose a deadline of 45 days after the disclosure of expert witnesses by any party asserting a claim against Sky Aviation or Paulson.

Sky Aviation (Coverage Claims): Regarding the contract-based coverage claim, Sky Aviation agrees with the assessment and proposal of Allianz, above, and further proposes a deadline of 45 days after any disclosure by Allianz to disclose a rebuttal expert witness.

Rob Cragoe: The exact timing of disclosures will be dependent upon the sequencing of discovery as determined by the Court, but Mr. Cragoe proposes a deadline of 90 days prior to the close of discovery.

Royal Stukey and Jeanie Stukey as next friends of A.S: The Stukeys agree with the time parameters set forth by Rob Cragoe.

Fran & Terry Duncan:  The exact timing of disclosures will be dependent upon the sequencing of discovery as determined by the Court, but the Duncans propose a deadline of at least 90 days prior to the close of discovery.

g.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**
Plaintiff Allianz: Allianz does not anticipate the need for expert testimony on the contract-based coverage claim but reserves the right to depose any expert disclosed by any other party to the extent it may pertain to Allianz's declaratory judgment action.

h.    **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Sky Aviation/Andrew Paulson (Tort Claims): If A.S., Terry and Fran Duncan, and/or Rob Cragoe designate experts, Sky Aviation

13

and Paulson anticipate taking their depositions within 90 days of
the disclosure of their reports.

Sky Aviation (Coverage Claims): As to coverage claims, Sky
Aviation does not anticipate taking deposition of experts, but
reserves the right to do so depending on the content of expert
reports that may be disclosed by Allianz.

Rob Cragoe: If Sky Aviation designated experts, Mr. Cragoe
anticipates taking its deposition within 60 days of such disclosure.

Royal Stukey and Jeanie Stukey as next friends of A.S: The Stukeys
agree with the time parameters set forth by Rob Cragoe, above.

Fran & Terry Duncan: The Duncans anticipate taking their
depositions within 60 days of the disclosure of their reports.

i.   **Indicate whether the parties have conferred with their clients
     regarding   obligations   concerning   electronically   stored
     information.   Also   identify   limitations   on   discovery   of
     electronically stored information, as contemplated by Federal
     Rule of Civil Procedure 26(b)(2)(B) and the Local Rules of this
     Court.**

     Plaintiff Allianz: Allianz does not anticipate issues regarding
     electronically stored information ("ESI") at this time and
     acknowledges that ESI is subject to the proportionality standard of
     F.R.C.P. Rule 26(b)(2)(c). The parties shall preserve all existing
     electronically stored information related to any of the facts, claims,
     and defenses asserted in this matter and to the extent issues arise in
     the future, the parties will confer in an attempt to resolve the matter
     and reach a mutually acceptable resolution prior to requiring court
     intervention.

     Sky Aviation/Andrew Paulson (Tort Claims): Counsel has
     conferred with their clients about ESI-related issues. No limitations
     on discovery of ESI are anticipated at this time.

     Sky Aviation (Coverage Claims): Counsel has conferred with their clients
     about ESI-related issues. No limitations on discovery of ESI are anticipated at
     this time.

     Rob Cragoe: Counsel has conferred with their clients about ESI-related issues.
     No limitations on discovery of ESI are anticipated at this time.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: Counsel has conferred with the Stukeys concerning ESI-related issues and see no limitations on discovery associated therewith at this time.

<u>Fran & Terry Duncan</u>: Counsel has conferred with their clients about ESI-related issues. No limitations on discovery of ESI are anticipated at this time.

j.   **Discuss the scope and limits of planned discovery. Identify how the parties will ensure that anticipated discovery will be proportional to the needs of the case, and address each of those considerations set forth in Rule 26(b) regarding the scope of discovery in general.**
<u>Plaintiff Allianz</u>: None. All disclosures and discovery shall be served via e-mail.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: Nothing to add to Allianz's statement.

<u>Sky Aviation (Coverage Claims)</u>: Nothing to add to Allianz's statement.

<u>Rob Cragoe</u>: Mr. Cragoe's discovery will be directly related to the claims he asserted against Sky Aviation.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys's discovery will be directly related to their claims on behalf of A.S.

<u>Fran & Terry Duncan</u>:  The Duncans' discovery will be directly related to the claims the assert against Sky Aviation and Andrew Paulson.

**13.   If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

**14.   Specify the discovery beyond initial disclosures that has been undertaken to date.**
None.

**15.   State the date the parties believe planned discovery can reasonably be completed.**
<u>Plaintiff Allianz</u>: Allianz proposes a 90-day deadline to complete all discovery pertaining to the contract-based coverage claims after the final ruling on the summary judgment action, if any is necessary. Allianz concurs that a separate schedule should

be set for the tort claims.

Sky Aviation/Andrew Paulson (Tort Claims): Sky Aviation and Paulson propose a 180-day deadline after the resolution of the coverage-related issues in the case.

Sky Aviation (Coverage Claims): Respecting coverage claims, Sky Aviation agrees with the proposal of Allianz, as stated above.

Rob Cragoe: Mr. Cragoe concurs with the Duncans' proposal of a reasonable deadline after the resolution of the coverage-related issues in the case to complete discovery.

Royal Stukey and Jeanie Stukey as next friends of A.S: The Stukeys concur with the proposal of Rob Cragoe set forth above.

Fran & Terry Duncan: the Duncans propose six (6) months following the upcoming scheduling conference.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed during your Rule 26(f) meeting.**
Plaintiff Allianz: Prospects for settlement from Allianz's perspective depend on the outcome of the summary judgment motion on the declaratory judgment. The motion will be filed once default is entered against the non-appearing parties.

Sky Aviation/Andrew Paulson (Tort Claims): Based on the Court's coverage ruling, the amount of coverage as to all of the pending claims against Sky Aviation and Paulson is limited to $200,000. The disclosed amounts of damages to date on behalf of the three sets of claimants exceed $400,000. Sky Aviation and Paulson will have little to no additional assets to contribute to any potential resolution. Accordingly, Sky Aviation and Paulson propose that an early mediation or magistrate settlement conference may be beneficial to all parties to hopefully facilitate a global resolution to this dispute.

Sky Aviation (Coverage Claims): As relates to the coverage claims, Sky Aviation does not disagree with the assessment of Allianz.

Royal Stukey and Jeanie Stukey as next friends of A.S: The Stukeys agree a magistrate settlement conference would be beneficial, given the claimed limitations associated with any available pool of resources.

Fran & Terry Duncan: The Duncans are investigating the possibility of an excess judgment and an award of punitive damages. The Duncans' damages alone exceed the insurance coverage in this case.

17. **Describe what each party has done or agreed to do to bring about a prompt**

**resolution.**

<u>Plaintiff Allianz</u>: Allianz will file the summary judgment motion on the declaratory judgment after default is entered against the parties who have not appeared, so as to streamline the process for deciding the summary judgment motion. After the summary judgment motion is decided, Allianz will be in a position to consider appropriate resolution.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: Sky Aviation and Paulson propose a prompt mediation or settlement conference in light of the Court's coverage ruling that definitively establishes the amount of insurance coverage available. Sky Aviation and Paulson are willing to participate in such a proceeding within the next sixty (60) days.

<u>Sky Aviation (Coverage Claims)</u>: As relates to coverage claims, Sky Aviation does not have anything to add to the statement made by Allianz, above.

<u>Rob Cragoe</u>: Mr. Cragoe previously attempted to resolve his claims with Allianz, but never received a response.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys have sent written correspondence to Allianz but the deadline for response thereto has not passed.

<u>Fran & Terry Duncan</u>: The Duncans have provided Sky Aviation and Andrew Paulson with evidence reflecting their damages.

18. **From the attorneys' discussions with the client(s), state the alternative dispute resolution techniques that may be reasonably suitable.**

<u>Plaintiff Allianz</u>: None at this time, pending the outcome of the forthcoming summary judgment motion on the declaratory judgment.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: Sky Aviation and Paulson support a mediation or other alternative dispute resolution procedures within the next sixty (60) days.

<u>Sky Aviation (Coverage Claims)</u>: As relates to coverage claims, Sky Aviation does not have anything to add to the statement made by Allianz, above.

<u>Rob Cragoe</u>: Mr. Cragoe agrees with the Duncans.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys agree with the Duncans and Rob Cragoe.

<u>Fran & Terry Duncan</u>: A mediation amongst the parties may be beneficial.

19. **State whether a jury demand has been made and if it was made on time.**

<u>Plaintiff Allianz</u>: Allianz has not made a jury demand.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: Sky Aviation and Andrew Paulson have made a jury demand. (Dkt. 40).

<u>Sky Aviation (Coverage Claims)</u>: None.

<u>Rob Cragoe</u>: Sky Aviation filed a jury demand on February 2, 2023 in ECF No. 40.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: Yes.

<u>Fran & Terry Duncan</u>: Sky Aviation filed a jury demand on February 2, 2023 in ECF No. 40.

**20.    Specify the number of hours it is expected that it will take to present the evidence in this case.**
<u>Plaintiff Allianz</u>: Allianz expects it will take one day to present evidence in this case if the coverage claims are not disposed of with dispositive motions.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: If these claims go to trial, Sky Aviation/Paulson anticipate trial could be accomplished through a one-week setting.

<u>Sky Aviation (Coverage Claims)</u>: As relates to coverage claims, Sky Aviation agrees with the assessment of Allianz, above.

<u>Rob Cragoe</u>: Depending on the number of claimants, Mr. Cragoe agrees that trial on the tort claims can be accomplished in five to seven days.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys agree with the Cragoe claim set forth above.

<u>Fran & Terry Duncan</u>: Depending on the number of claimants, the Duncans believe trial can be accomplished in seven (7) days.

**21.    List pending motions that could be ruled on at the Initial Pretrial Conference.**

<u>Plaintiff Allianz</u>: None, although Allianz has requested an entry of default against the parties who have not appeared.

**22.    List other pending motions, if any.**
None.

**23.    Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

<u>Plaintiff Allianz</u>: None.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: None at this time.

<u>Sky Aviation (Coverage Claims)</u>: None, excepting as noted by Sky Aviation's counsel on tort claims, above.

<u>Rob Cragoe</u>: Mr. Cragoe agrees generally with the Duncans.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: The Stukeys agree with the Duncans position as set forth below.

<u>Fran & Terry Duncan</u>: The Duncans believe the Court should address the number of defendants listed Allianz's Second Amended Complaint [ECF No. 55] and the necessity for their inclusion and/or applications for default. In addition, the Court may need to address issues of service and F.R.C.P. 4. The Court may also want to visit about the statute of limitations defenses raised by Sky Aviation and Andrew Paulson. *See,* ECF Nos. 85, 86.

24. **Indicate whether the parties anticipate any amendments to the pleadings.**
<u>Plaintiff Allianz</u>: No.

<u>Sky Aviation/Andrew Paulson (Tort Claims)</u>: No.

<u>Sky Aviation (Coverage Claims)</u>: No.

<u>Rob Cragoe</u>: Mr. Cragoe anticipates amending his cross-claim to include a claim for trespass against Sky Aviation.

<u>Royal Stukey and Jeanie Stukey as next friends of A.S</u>: None currently.

<u>Fran & Terry Duncan</u>: None at this time.

25. **List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for all parties and unrepresented *pro se* litigants.**

Jaclyn S. Laferriere (Pro Hac Vice)
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303)628-3300
Facsimile: (303)628-3368
laferrierej@hallevans.com

James C. Worthen, # 6-3973
Hall & Evans, LLC
152 North Durbin Street, Suite 404
Casper, Wyoming 82601
Telephone: (307)333-6701
Facsimile: (307)333-6352
worthenj@hallevans.com
T. Thomas Singer, #5-1678
Hall & Evans, LLC
175 North 27th Street, Suite 1101
Billings, MT 59101
Telephone: (406)969-5227
Facsimile: (406)969-5233
singert@hallevans.com
*Attorneys for Plaintiff*

David Michael Clark, Wyo. Bar No. 6-4133
RAGAIN & CLARK PC
1501 Stampede Ave., Unit 9010
Cody, WY 82414
307-388-6400
Email: dave@mtwylaw.com
*Attorney for Sky Aviation Corporation (Coverage)*

Gary Allan Gardner (Pro Hac Vice)
CUNNINGHAM SWAIM, LLP
200 Broadhollow Road
Suite 207
Melville, NY 11747
917-538-2774
Email: gagardner@cunninghamswaim.com
Alex Whitman (Pro Hac Vice)
CUNNINGHAM SWAIM, LLP
4015 Main Street
Ste 200
Dallas, TX 75226
214-646-1495
Email: awhitman@cunninghamswaim.com
*Attorneys for Sky Aviation Corporation (Tort) and Andrew Paulson*

David Hill, #7-6306
Colin M. Simpson, #5-2312
BURG | SIMPSON | ELDREDGE | HERSH | JARDINE PC

20

1135 14th Street
Cody, WY 82414
Phone: 307-527-7891
Email: csimpson@BurgSimpson.com
*Attorneys for Rob Cragoe*

Clinton E. Phillips, #7-4839
Phillips Law Offices
249 E. Second Street, Suite Two
Powell, WY 82435
Phone: 307-213-0999
Email: clint@cephillipslaw.com
*Attorney for Royal Stukey and Jeanie Stukey as next friends of A.S*

Samuel Peter Krone, #6-3534
KRONE LAW LLC
901 36th Street
P.O. Box 2481
Cody, WY 82414
Phone: 307-272-0082
Email: samkrone@gmail.com
*Attorney for Dave Northrop, d/b/a Northrop Farms*

Patrick J. Lewallen
Chapman Valdez & Lansing
P.O. Box 2710
Casper, WY 82602
Phone: 307-237-1983
Email: plewallen@bslo.com

Frank R. Chapman
Frank Chapman Law Office
P.O. Box 1
Kelly, WY 83011
Phone: 307-699-3159
Email: Frankchapman.law@gmail.com

*Attorneys for Fran & Terry Duncan*

Khale J Lenhart, #7-4581
Jacob L. Vogt, #8-6891
HIRST APPLEGATE LLP
1720 Carey Avenue, Room 400

21

PO Box 1083
Cheyenne, WY 82003-1083
307/632-0541
Email: klenhart@hirstapplegate.com
Email: jvogt@hirstapplegate.com
*Attorneys for Sky Aviation Corporation and Andrew Paulson*

/s/ Jaclyn Laferriere                                     August 16, 2024
_____                      _____
Counsel for Plaintiff                                     Date


/s/ David Michael Clark                              August 16, 2024
_____                      _____
Counsel for Sky Aviation Corporation (Coverage)    Date


/s/ Jacob L. Vogt                                         August 16, 2024
_____                      _____
Counsel for Sky Aviation Corporation (Tort)        Date
 and Andrew Paulson


/s/ Alex Whitman                                         August 16, 2024
_____                      _____
Counsel for Sky Aviation Corporation (Tort)        Date
 and Andrew Paulson


/s/ David Hill                                               August 16, 2024
_____                      _____
Counsel for Rob Cragoe                               Date


/s/ Clinton E. Phillips                                   August 16, 2024
_____                      _____
Counsel for Royal Stukey and Jeanie Stukey        Date
 as next friends of A.S


/s/ Samuel Peter Krone                               August 16, 2024
_____                      _____
Counsel for Dave Northrop, d/b/a Northrop Farms   Date

/s/ Patrick J. Lewallen                                    August 15, 2024

Counsel for Fran & Terry Duncan                    Date