

**FILED**

*8:53 am, 9/16/24*

**U.S. Magistrate Judge**

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

---

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, an Illinois Corporation,

      Plaintiff,

  v.

SKY AVIATION CORPORATION, a Wyoming corporation;
ROB CRAGOE, an individual;
FRAN DUNCAN, an individual;
TERRY DUNCAN; an individual;
CODY EASUM, an individual;
LYLE EVELO, an individual;
DELFINO JUAREZ, an individual;
ROY KENT, an individual;
LEON MILLER, an individual;
BRYON MURRAY, an individual;
VALERIE MURRAY, an individual;
MURRAYMERE FARMS, a partnership;
DAVE NORTHROP, in individual d/b/a NORTHROP FARMS;
RICK RODRIQUEZ, an individual;
JUANITA SAPP, an individual;
MIKE SAPP, an individual;
PAT SAPP, an individual;
REXENE SAPP, an individual;
ROYAL STUKEY, an individual;
JOHN/JANE DOES 1-10;
and XYZ CORPORATIONS 1-10,

      Defendants,

  and

A.S., a minor,

      Intervenor Defendant.

Case No. 22-CV-114-SWS

---

ROB CRAGOE,

      Crossclaim Plaintiff,

v.

SKY AVIATION CORPORATION,

      Crossclaim Defendant.

---

TERRY DUNCAN and FRAN DUNCAN,

      Crossclaim Plaintiffs and Third-Party Plaintiffs,

v.

SKY AVIATION CORPORATION,

      Crossclaim Defendant,
and

ANDREW PAULSON,

      Third-Party Defendant.

## ORDER FOR MEDIATION

This matter having come before the Court pursuant to agreement by the parties for a mediation, and the Court finding that the requested relief should be granted, does now hereby ORDER:

Parties shall appear before the Honorable Stephanie A. Hambrick, United States Magistrate Judge, at **9:00 a.m.** on **Wednesday, October 9, 2024**, for purposes of a ZOOM mediation. **Each party must appear with a representative who has full authority to settle the matter. An insured party shall appear by representative of the insurer or insurers who is authorized to negotiate, and who has full authority to settle the matter**.

The Court believes parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation. This allows the parties to avoid substantial cost, expenditure of time, and stress that are typically a part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute and streamline the issues to be litigated.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court typically employs in conducting the mediation.

**FORMAT**

    1.    **MEDIATION STATEMENTS**

By **October 2nd, 2024**, each of the parties shall submit a confidential mediation statement to the court (<u>not</u> filed) (***wyojudgesah@wyd.uscourts.gov***), for the use of the Court in conducting the mediation, no more than ten (10) pages, double spaced and not smaller than 12-point font, containing the following information, if applicable:

    1)    A concise and complete summary of the facts and the legal issues specifically those related to issues regarding liability and/or damages by or against any party. This answers the question as to whether any claimants still have a dispute as to another claimant's claim for damages or if the Defendants are still denying liability.

    2)    The factual and legal positions asserted by the party, and how specific facts and legal theories support those positions.

    3)    The parties' positions regarding damages, specifically positions of the different categories of claimed damages.

4) Whether any party believes that a settlement beyond the $250,000 insurance proceeds is possible or should be discussed.

5) A statement regarding the nature of the discussions with your client regarding settlement formats, structured settlements, and Rule 68 offers to compromise, including an evaluation of the party's proposal for an equitable distribution of the insurance proceeds and why the distribution is equitable.

6) A statement regarding the nature of any prior settlement negotiations.

7) A statement indicating the number and names of the participants expected to participate in the settlement conference.

## 2. ATTENDANCE OF REQUIRED PARTIES

**Parties with settlement authority are required to personally attend the mediation**. An insured party shall appear by representative of the insurer who is authorized to negotiate, and who has authority to settle the matter. The party or a designated representative shall have authority up to the limits of the opposing parties' existing settlement demand. Each party shall appear by a representative who is authorized to negotiate, and who has *authority to settle the matter*. Having a client with authority available by telephone is *not* an acceptable alternative. Because the Court generally sets aside a full day, it is impossible for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective towards settlement.

## 3. MEDIATION FORMAT

The Court will generally use a mediation format; that is, a joint session with opening presentations by the Court and each side followed by private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open

mind, to reassess their previous positions, and to discover creative ways for resolving the dispute.

### 4. STATEMENTS INADMISSIBLE

The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the mediation are not to be used in discovery and will not be admissible at trial.

### 5. ISSUES TO BE DISCUSSED

Parties should be prepared to discuss the list at the mediation. This list is not exhaustive of all that may be covered at the settlement conference, nor will all be applicable to the settlement of this specific case:

    i. What problems would you like to address in the mediation? What do you understand are the opposing side's goals?

    ii. What issues (in and outside of the lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

    iii. Do you understand the opposing's side's view of the case? What is wrong with their perception? What is right with their perception?

    iv. What are the points of agreement and disagreement between the parties? Factual? Legal?

    v. What are the impediments to settlement? Financial? Emotional? Legal?

    vi. Does settlement or further litigation better enable you to accomplish your goals?

    vii. Are there possibilities for a creative resolution of the dispute?

    viii.    Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

    ix.    Are there outstanding lien holders or third parties who should be invited to participate in the settlement conference?

Dated this 16th day of September 2024.

*Stephanie Hambrick*
STEPHANIE A. HAMBRICK
U.S. MAGISTRATE JUDGE